THE PEOPLE v. JOHN B. CRONIN.

*Criminal law—Falsely assuming to be an officer—Statute construed.*

How. Stat. § 9252, does not attempt to punish any person for falsely assuming to be a justice of the peace, sheriff, deputy-sheriff, coroner, or constable, but for falsely assuming *to be,* and taking upon himself to *act as,* such officer.

Error to recorder's court of Detroit. (Chambers, J.) Argued May 1, 1890. Decided May 9, 1890.

Respondent was convicted of falsely pretending to be a police officer. Conviction reversed, fine remitted, and respondent discharged. The facts are stated in the opinion.

*Charles W. Casgrain* and *Edwin Henderson,* for respondent.

*B. W. Huston,* Attorney General, and *James V. D. Willcox,* Prosecuting Attorney, for the people.

CHAMPLIN, C. J. The information charged that John Cronin, on December 10, A. D. 1889, at the city of Detroit, in the county of Wayne, not being a member of the metropolitan police force of said city, with fraudulent purpose and intent falsely did personate, represent, and pretend to Annie Gregg, and to divers and sundry other persons, that he was then and there a member of the metropolitan police force of the city of Detroit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

The testimony introduced to support this charge consisted of that given by Annie Gregg, the complainant,

and Joseph Manning, a detective employed in the metropolitan police force of the city of Detroit.

Respondent was a young man, 19 years of age, and, having seen an advertisement in a Detroit paper of detectives wanted in Kansas City, entered into a correspondence with the association, applied for membership, and received a certificate of membership, purporting to be issued by the United States Detective Bureau of Kansas City, as a corporation under the laws of Kansas, dated September 27, 1889, entitling him to the privileges of membership for one year. He also received a badge, in the form of a cross. It was small, long, and narrow, and had the words "Private Detective" upon it, but it was not like the badges worn by the officers of the metropolitan police. He did not represent and pretend in so many words to Annie Gregg to be a member of the metropolitan police force, but told her that he was a detective, and his partner was Joe Manning, and showed her his hand-cuffs and two keys, which he claimed were keys to patrol boxes, and explained to her their use, and what a detective did when he arrested a person; how he took him to the patrol box, and turned him over to the patrolman.

At the close of the people's case the counsel for respondent requested the prosecuting attorney to state whether the information was based upon section 9252 of Howell's Statutes, and he replied that it was. This section reads as follows:

"If any person shall falsely assume or pretend to be a justice of the peace, sheriff, deputy-sheriff, coroner, or constable, and shall take upon himself to act as such, or to require any person to aid and assist him in any matter pertaining to the duty of a justice of the peace, sheriff, deputy-sheriff, coroner, or constable, or shall falsely take upon himself to act or officiate in any office or place of authority, he shall be punished," etc.

The objection made by counsel for respondent is that the information does not charge any offense known to the laws of Michigan. The objection made is fatal to the conviction and judgment in this case. The section does not attempt to punish any person for falsely assuming to be any of the officers named in the section, but for assuming and taking upon himself to *act* as such, and also any person who shall falsely take upon himself to act or officiate in any office or place of authority. The information is fatally defective in not stating that Cronin falsely took upon himself to *act* as a member of the metropolitan police force of the city of Detroit. *Com. v. Wolcott*, 10 Cush. 61. Whether the information was good in other respects we do not decide.

The judgment must be reversed, the fine remitted, and the prisoner discharged.

The other Justices concurred.